NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 13, 2007
Decided June 25, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3393

| | |
|---|---|
| JESSIE MAE JACKSON, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> JOHN E. POTTER, <br> Postmaster General, <br> *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 05 C 5541 <br><br> Wayne R. Andersen, <br> *Judge.* |

**O R D E R**

Jessie Mae Jackson, a mailhandler for the United States Postal Service, brought suit against the Postmaster General, claiming that she was fired because she is a Jehovah's Witness. The district court granted summary judgment to the Postmaster General because Jackson had waited too long after she was fired to file a discrimination complaint with the Postal Service's Equal Employment Opportunity (EEO) office, and her delay could not be excused. We affirm.

Jackson began work as a mailhandler at the Chicago Bulk Mail Center in 1997 and remained there until December 31, 2004, when the Postal Service declined to

renew her "casual" (non-career) employment. Several months before she was fired, Jackson requested time off to attend a Jehovah's Witness convention. Jackson alleged that her supervisor, Cynthia Parteet, denied her request and told her she would be fired if she attended the convention. She further alleged that Parteet and Parteet's supervisor, Sally Brooks, then treated her poorly. She contends in an affidavit that four months later Parteet had her sign papers that she believed to be routine "safety sheets," but that she later discovered was a "false evaluation used to terminate [her]." Jackson's lone evidence that the termination was motivated by religious discrimination is her own generalized affidavit.

Jackson also asserted in her affidavit that while employed with the Postal Service, she was never informed of her "EEO rights"—presumably a reference to her right to complain that she was subjected to discriminatory treatment on the job. In her affidavit she stated that her supervisor during her first three years on the job advised her that she "had no rights" as a casual employee, and that her seven subsequent supervisors, including Parteet, never advised her of her rights. She also stated that she believed that anti-discrimination notices on EEO posters in her workplace applied only to regular, not casual, employees. She contends that she did not learn of her right to complain of discrimination until after her discharge when the Illinois Department of Employment Security gave her written materials about discrimination.

The Postal Service presented a different version of the facts. It introduced records showing that on December 1, 1997 and June 27, 1999, Jackson attended employee training programs at which she received a workbook containing the Postal Service's EEO policy and information about the EEO process, including a chart explaining that employees must seek EEO counseling within 45 days of any alleged discriminatory action. Jackson does not dispute that she attended the programs and received the information. The Postal Service also introduced copies of the EEO posters that were displayed during the relevant time period and set forth the 45-day deadline for contacting the Postal Service's EEO office in Bedford Park, Illinois.

In any event, on or about February 1, 2005 Jackson complained in writing to the U.S. Department of Labor, not the Postal Service's EEO office. She asserts that the Department of Labor advised her to complain to the Postal Service in Washington, D.C., and that she did so promptly. After receiving no response, she says she called the Postal Service in May 2005 and eventually was directed to file her complaint with the Postal Service's district office in Bedford Park.

Jackson contacted a Postal Service EEO counselor for the first time on May 9, 2005. On July 6, 2005, she filed a formal complaint alleging that Parteet and Brooks discriminated against her based on her religion by denying her request to attend the Jehovah's Witness convention, tricking her into signing a false

performance evaluation, and then firing her based on that evaluation. The Postal Service dismissed her complaint because she exceeded, by almost three months, the 45-day time limit for initiating contact with an EEO counselor. Jackson then brought suit in federal court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* claiming that the Postal Service discriminated against her by firing her based on her religious beliefs as a Jehovah's Witness.

Before any discovery took place, the Postal Service moved for dismissal or, in the alternative, for summary judgment on the ground that Jackson failed to exhaust her administrative remedies. The district court granted summary judgment for the Postal Service, determining that Jackson's claim was barred because she did not timely contact an EEO officer. *See* 29 C.F.R. § 1614.105(a)(1). The court rejected Jackson's argument that her untimeliness was excused by the doctrine of equitable estoppel because Jackson could not establish that the Postal Service took steps to prevent her from timely filing. Nor, the court concluded, could Jackson avail herself of equitable tolling because she failed to exercise due diligence in pursuing her claim.

On appeal Jackson's sole argument is that the district court erred because there was a material issue of fact concerning whether the Postal Service actively misled her into believing that she, as a casual employee, was not entitled to file a discrimination claim. Her only support for this argument is the assertions in her affidavit that her former supervisor told her she "had no rights" as a casual employee and that neither her subsequent supervisors nor the EEO posters in her workplace dispelled this misinformation.

We review a grant of summary judgment *de novo*, construing all facts and drawing all reasonable inferences in favor of Jackson as the non-moving party. *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Discrimination claims are subject to equitable doctrines, such as estoppel and tolling, although they should be applied sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002). Equitable estoppel applies only if the employer took "active steps" to prevent the plaintiff from filing a discrimination charge on time. *Smith v. Potter*, 445 F.3d 1000, 1010 (7th Cir. 2006); *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 721 (7th Cir. 2004). But even if the plaintiff makes this showing, she also must establish that she actually and reasonably relied on the employer's conduct or misrepresentations. *Smith*, 445 F.3d at 1010.

The district court correctly concluded that Jackson's affidavit alone was insufficient to invoke equitable estoppel to excuse her untimely filing. Although Jackson contends that a prior supervisor told her that she had no right to complain of discrimination, her only evidence of this is her own self-serving and unsupported affidavit, which is insufficient to overcome summary judgment. *Id.* at 1009-10. In

any event, her purported lack of awareness of her right to file a discrimination complaint is significantly undermined by her attendance at two training sessions, in 1997 and 1999, at which she received written documentation of the Postal Service's EEO policy and the procedure for filing a complaint. Jackson's argument is further weakened by the fact that the posters displayed in her workplace explicitly stated that EEO policies apply to "any" postal employee and that employees must contact a counselor at the EEO office in Bedford Park within 45 days of the alleged discriminatory act or personnel action. In light of the many official statements from the Postal Service that were presented to her, the district court properly concluded that Jackson did not show she was actively misled about the applicability of the Postal Service's EEO policies to her as a casual employee.

Accordingly, we AFFIRM the district court's judgment.